```
                    UNITED STATES DISTRICT COURT              RECEIVED
                     DISTRICT OF SOUTH CAROLINA         USDC. CLERK. CHARLESTON. SC

                                                            2009 APR 13  P 2: 07

Shango Damballah, # 137525,              ) C/A No. 2:09-0902-HMH-RSC
aka or fka Harold S. Mosley,             )
                                         )
                                         )
                            Petitioner,  )
                                         )
vs.                                      ) Report and Recommendation
                                         )
Willie L. Eagleton;                      )
The SCDC,                                )
                                         )
                                         )
                           Respondents.  )
```

## Background of this Case

The petitioner is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the petitioner is serving a sentence of forty-five (45) years for armed robbery conviction entered in the Court of General Sessions for Charleston County.

The petitioner, however, in the above-captioned case is challenging a conviction for assault and battery of a high and aggravated nature (ABHAN) and a separate conviction for assault. Although the petitioner indicates that the convictions were entered in the Supreme Court of South Carolina on March 18, 1992, the

1

docked number for the ABHAN charge indicates that the conviction was entered in the Court of General Sessions for Dorchester County.

The petitioner filed an application for post-conviction relief (Case No. 2005-CP-10-1341) on March 28, 2005, and raised issues relating to his classification as a violent offender. The petitioner's exhibits (Entry No. 1-2) indicate that the Court of Common Pleas for Charleston County (The Honorable Daniel F. Pieper, then a South Carolina Circuit Judge) on February 20, 2007, denied relief. The petitioner's counsel filed a so-called "*Johnson* petition" with respect to the petition for writ of certiorari. *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988)(*per curiam*). On April 16, 2008, the Supreme Court of South Carolina denied the petition for writ of certiorari.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

*Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241). Although the petitioner has exhausted his state court remedies, the petition in the above-captioned case is clearly untimely.

The "delivery" date of the instant petition is April 2, 2009 (Entry No. 1-3). *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court).

The one-year limitations period under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was effective on April 24, 1996. In *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998), the United States Court of Appeals for the Fourth Circuit held that the one-year limitations period did not apply retroactively. Therefore, persons whose convictions became final prior to April 24, 1996, had until

April 23, 1997, to file timely habeas petitions. Hence, the limitations period under the AEDPA began to run on April 24, 1996.

The petition and exhibits show the following periods of untolled time.

April 24, 1996 — March 28, 2005

April 16, 2008 — April 2, 2009

Hence, the petitioner has more than nine years of untolled time. This aggregate time period exceeds the one-year statute of limitations required by the AEDPA's amendments to Title 28. 28 U.S.C. § 2244(d). Therefore, the present petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).[3] *See also Day v. McDonough*, 547 U.S. 198 (2006). *Cf. Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) (civil rights case: "A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").[4]

---

[3] The petitioner's right to file objections to this Report and Recommendation **constitute the petitioner's opportunities to object to a dismissal of this petition based on the statute of limitations.** *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal). *Cf. Bilal v. North Carolina*, 287 Fed.Appx. 241, 2008 U.S. App. LEXIS 15458, 2008 WL 2787702 (4th Cir., July 18, 2008).

[4] The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death
> (continued...)

Moreover, the petitioner's classification as a violent offender is not a constitutional violation. It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See, e.g.,* the order of the Honorable Henry M. Herlong, Jr., United States District Judge, in *Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992), *citing Meachum v. Fano*, 427 U.S. 215 (1976). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978). In fact, it is well settled that the placement of inmates into administrative segregation units or similar units is a valid of means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D. Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.");[5] *Anderson v. County of*

---

(...continued)
   ultimately comes to the assertion of rights as it does to
   all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted from quotation).

   [5]Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding
(continued...)

*Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995) (prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"); and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). Although the petitioner has "maxed out" the sentence for his conviction for armed robbery, South Carolina Department of Corrections officials may legitimately take into account the prior conviction for armed robbery while the petitioner remains in the SCDC.

### Recommendation

Accordingly, it is recommended that the § 2254 petition be dismissed *with prejudice and without requiring the respondents to file a return* because the petition is clearly untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d). *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be

---

(...continued)
  in *Hewitt v. Helms* has not been superannuated by later case law.

7

summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

April 13, 2009  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).