IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Shango Damballah, #137525, | ) | |
| aka or fka Harold S. Mosley, | ) | C.A. No. 2:09-902-HMH-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Willie L. Eagleton; The SCDC, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Shango Damballah ("Damballah") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Damballah alleges that he has been incorrectly classified a violent offender in the South Carolina Department of Corrections because "the convictions for assault and battery of a high and aggravated nature . . . are 'non-violent' sentences under the statutory laws of the state of South Carolina." (Objections 1.) In his Report and Recommendation, Magistrate Judge Carr recommends dismissing Damballah's petition as barred by the statute of limitations.

Damballah filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Damballah's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Damballah objects to the magistrate judge's conclusion that his petition is time-barred.

Generally, the court may not dismiss a habeas petition as untimely sua sponte without affording the petitioner the opportunity to explain why the statute of limitations should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Id.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), provides that the one-year time limitation for filing a § 2254 motion does not begin to run until the "latest of--the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." (Emphasis added.) The statute of limitations is tolled during the pendency of a properly filed post-conviction relief ("PCR") action. See 28 U.S.C. § 2244(d)(2) (2006). "[T]he AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one-year

2

period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court." Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

Damballah's conviction became final prior to April 24, 1996, the date on which the AEDPA became effective. For Damballah, the earliest date that the one-year limitation period can begin to run is on the AEDPA's effective date, rather than a prior date on which the criminal defendant's conviction became final. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003) ("For prisoners . . . whose convictions became final before the AEDPA was enacted, the one-year limitations period began to run on the AEDPA's effective date, and thus, they had until April 24, 1997, absent tolling, to file their federal habeas petitions.").

Damballah appears to argue that he had one year after the conclusion of his PCR action to file the instant petition. (Objections 6-7.) The assault and battery convictions became final on March 18, 1992. Because Damballah's conviction became final prior to April 24, 1996, the statute of limitations began running on April 24, 1996, and expired on April 24, 1997. Damballah filed his PCR application on March 28, 2005. Damballah's PCR action became final on April 16, 2008. Damballah filed the instant action on April 2, 2009. Based on the foregoing, the statute of limitations expired almost seven years prior to the filing of the PCR action. Therefore, Damballah's objection that he had one year after the conclusion of his PCR action in which to file his § 2254 petition is without merit.

Moreover, there is no basis for applying the doctrine of equitable tolling. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."

United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Carr's Report and Recommendation.

It is therefore

**ORDERED** that Damballah's petition is dismissed with prejudice and without requiring the Respondents to file a return.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
April 28, 2009

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.